# EXHIBIT A

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV13806571 | D3 CM | 21431760 |

Rule 4 (B) Ohio

Rules of Civil Procedure

ANDREA POULIS
VS
METROHEALTH HOSPITAL, ET AL

**PLAINTIFF**

**DEFENDANT**

## SUMMONS

ATRIUM MEDICAL CORPORATION
C/O THE CORP TRUST CO -R/A, CORP
TRUST CENTER, 1209 ORANGE ST
WILMINGTON DE 19801-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

GEORGE K SIMAKIS
5900 RIDGE ROAD

SUITE 200
PARMA, OH 44129-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MICHAEL J RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

ANDREA F. ROCCO
Clerk of the Court of Common Pleas

| DATE |
|---|
| May 30, 2013 |

By_____
Deputy

COMPLAINT FILED   05/03/2013

CMSN130

SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV13806571 | D3 CM | SUMMONS NO.<br>21431769 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

ANDREA POULIS **PLAINTIFF**
VS
METROHEALTH HOSPITAL, ET AL **DEFENDANT**

**SUMMONS**

ATRIUM MEDICAL CORPORATION
C/O GARY SUFAT, REGISTERED AGENT
95 CRAWFORD ST
MANCHESTER NH 03109-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

GEORGE K SIMAKIS
5900 RIDGE ROAD

SUITE 200
PARMA, OH 44129-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

MICHAEL J RUSSO
Do not contact judge. Judge's name is given for
attorney's reference only.

ANDREA F. ROCCO
Clerk of the Court of Common Pleas

| DATE<br>May 30, 2013 | By_____<br>Deputy |
| --- | --- |

COMPLAINT FILED   05/03/2013



CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY

| | |
|---|---|
| Andrea Poulis<br>26741 Center Ridge Rd. Lot 11<br>Westlake, Ohio 44145<br><br>    Plaintiff<br><br>-v-<br><br>MetroHealth Hospital<br>2500 MetroHealth Drive<br>Cleveland, OH 44109<br><br>   and<br><br>Walter Cha<br>6770 Mayfield Road<br>Mayfield Heights, OH 44124<br><br>   and<br><br>Atrium Medical Corporation<br>c/o The Corporation Trust Company<br>Registered Agent<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>**JURY DEMAND**<br><br>(Jury Demand Endorsed Hereon) |

Now comes, Andrea Poulis, Plaintiff, through undersigned counsel, alleges and complains the following:

<u>SUBJECT MATTER JURISDICTION AND PARTIES</u>

1. Plaintiff, Andrea Poulis, resides at 26741 Center Ridge Rd. Lot 11, Westlake, OH 44145.

2. Defendant, MetroHealth Hospital is an Ohio Corporation with its principle corporate office located at 2500 MetroHealth Drive, Cleveland, OH 44109.

3. Defendant, Walter Cha, M.D. is a physician licensed to practice medicine in Ohio and regularly engages in the practice of medicine in Cuyahoga County, Ohio. Dr. Walter Cha was an employee of MetroHealth at the time the cause of this action occurred and he is a current employee of Hillcrest Hospital, located at 6770 Mayfield Road, Mayfield Heights, OH 44124.

4. Defendant, Atrium Medical Corporation is an international corporation registered in Delaware and manufacturer of surgical mesh implants.

5. Venue is proper in this Court because Defendant MetroHealth Hospital's place of business is located in Cuyahoga County, Ohio and the events giving rise to this cause of action occurred in Cuyahoga County, Ohio.

6. Jurisdiction is proper in this Court because the amount in controversy exceeds $15,000.

## STATEMENT OF FACTS

7. During all times relevant for this Complaint, MetroHealth employed Dr. Walter Cha as a surgical doctor for their facilities and Dr. Walter Cha was acting as an agent/employee of MetroHealth.

8. Plaintiff visited MetroHealth Hospital for abdominal pain and Dr. Cha examined her.

9. Dr. Cha diagnosed her with a Ventral Hernia and recommended surgery.

10. Plaintiff scheduled a Ventral Hernia Repair at MetroHealth Hospital with Dr. Cha.

11. On July 12, 2010, Dr. Cha preformed the Ventral Hernia Repair at MetroHealth Hospital on Plaintiff, where he used a mesh implant to repair the Ventral Hernia in her.

12. Atrium Medical Corporation manufactured the mesh implant used in Plaintiff's surgery.

13. MetroHealth Hospital and Dr. Cha discharge Plaintiff on July 13, 2010.

2

14. On or about September and October 2010, Plaintiff returned to MetroHealth Hospital and Dr. Cha because she was continuing to experience severe abdominal pain and the Defendants advised her that the pain was the result of scar tissue and to allow more time for healing.

15. On or about May 8th, 2012, the Defendants performed a CT scan on Plaintiff.

16. On or about May 25, 2012, Dr. Cha informed Plaintiff that there was a problem with the mesh used for the Ventral Hernia Repair and that she would need a second surgery.

17. Plaintiff had the second surgery performed by Fairview Hospital on January 25, 2013 and Fairview Hospital.

18. Dr. Cha was acting within the scope of his employment by MetroHealth throughout his treatment of Plaintiff.

19. Dr. Cha owed Plaintiff a duty to care for her using that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstance, would use.

20. Dr. Cha was negligent and violated the standard of care by failing to properly implant the mesh in the Plaintiff and by failing to timely inform Plaintiff of this mesh implant defect.

21. If Dr. Cha has correctly used the mesh implant, then Plaintiff's pain throughout the past several years would have substantially been less and Plaintiff would not have required a second surgery.

22. As a proximate result of Dr. Cha's negligence, Plaintiff experienced medical and related expenses, lost the opportunity to bear a child during her final child-bearing years, lost income and income earning capacity and lost the capacity perform her job as a housewife and mother to a young daughter.

23. Plaintiff did not assume the risk of her injuries.

3

24. Plaintiff brings this action within a year of the date of discovery on or about May 25, 2012.

## FIRST CLAIM: NEGLIGENCE – MEDICAL MALPRACTICE

25. Plaintiff adopts by reference paragraphs 1-24.

26. Dr. Cha deviated from the acceptable standard of medical care during the surgery he performed on the Plaintiff on July 12, 2010 and that this deviation was the direct and proximate cause of Plaintiff injuries and damages.

## SECOND CLAIM: NEGLIGENCE – MEDICAL MALPRACTIVE via AGENCY

27. Plaintiff adopts by reference paragraphs 1-26.

28. At the time of the surgical procedure performed on the Plaintiff of July 12, 2010 and post-surgery evaluations by Dr. Cha, Dr. Cha was acting within the scope of his employment and agency with MetroHealth Hospital.

## THIRD CLAIM: PRODUCT LIABILITY – MANDUFACTURING DEFECT

29. Plaintiff adopts by reference paragraphs 1-28.

30. The mesh used in Plaintiff's surgery deviated in a material way from the design specification, formula, and/or performance standards of Atrium Medical Corporation.

31. The mesh defect existed when the mesh left the control of its manufacturer, Atrium Medical Corporation.

32. This defect in the mesh directly and proximately caused the Plaintiff's injuries which were life threatening and required a second surgery with different mesh.

## FOURTH CLAIM: PRODUCT LIABILITY – DESIGN DEFECT

33. Plaintiff adopts by reference paragraphs 1-32.

4

34. The mesh used in Plaintiff's surgery was defective in design or formulation because at the time it left the control of its manufacturer, Atrium Medical Corporation, the foreseeable risks known or should have known, exceeded the benefits associated with its design or formulation.

35. This design defect in the mesh directly and proximately caused the Plaintiff's injuries.

36. Atrium Medical Corporation failed to adequately warn and instruct MetroHealth Hospital, Dr. Cha and/or the Plaintiff of this design defect in the mesh.

### FIFTH CLAIM: INADEQUATE WARNING

37. Plaintiff adopts by reference paragraphs 1-34.

38. Atrium Medical Corporation failed to adequately warn and instruct MetroHealth Hospital, Dr. Cha and/or the Plaintiff of the risk associated with the mesh that it knew or should have known about.

39. This risk associated with the mesh caused the harm to the Plaintiff for which she is entitled to compensatory damages.

40. Atrium Medical Corporation failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the mesh would cause harm of the type Plaintiff suffered and in light of the likely seriousness of that harm.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount in excess of $25,000.00, plus costs, for compensatory damages, lost wages, pain and suffering, and undetermined permanent injury, and for any further relief that this Honorable Court deems necessary and appropriate.

5

<u>JURY DEMAND</u>

Pursuant to Rule 38 of the Ohio Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

George K. Simakis (0029084)
Attorney for the Plaintiff
Simakis & Kisil, L.L.P.
5900 Ridge Road
Parma, OH 44129
Tel: 440-842-7923
Fax: 440-842-7937
e-mail: george@simakiskisil.com

6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

ANDREA POULIS,                          )    NO. CV-13-806571
                                        )
                Plaintiff,              )
                                        )    JUDGE MICHAEL J. RUSSO
                                        )
v.                                      )    **STIPULATION FOR EXTENSION OF**
                                        )    **TIME FOR DEFENDANT ATRIUM**
METROHEALTH HOSPITAL *et al.*,          )    **MEDICAL CORPORATION**
                                        )
                Defendants.             )


Pursuant to Local Rule 8(C), Defendant, Atrium Medical Corporation ("Atrium"), by and through counsel, hereby provides notice to the Court that all parties have stipulated to Atrium having up to thirty (30) days, or until July 31, 2013 in which to answer, move, or otherwise respond to Plaintiff's Complaint. No prior extension has been sought by or granted in favor of Atrium nor is this extension sought for the purpose of delay.

A proposed Order is attached for the Court's convenience.

Respectfully submitted,

MICHAEL L. SNYDER (0040990)
DAN L. MAKEE (0029602)
ADAM C. SMITH (0087720)
McDonald Hopkins LLC
600 Superior Avenue, East - Suite 2100
Cleveland, Ohio 44114
Telephone:     (216) 348-5400
Facsimile:     (216) 348-5474
Email: msnyder@mcdonaldhopkins.com
       dmakee@mcdonaldhopkins.com
       acsmith@mcdonaldhopkins.com

*Counsel for Defendant Atrium Medical Corporation*

{4383610:}

## CERTIFICATE OF SERVICE

A copy of the foregoing **Stipulation for Extension of Time for Defendant Atrium**

**Medical Corporation** was served via regular U.S. mail this 1st day of July, 2013 upon:

George K. Simakis
5900 Ridge Road
Suite 200
Parma, Ohio 44129
*Counsel for Plaintiff*

Jay P. Auwerter
Kris H. Treu
1422 Euclid Avenue
Cleveland, Ohio 44115
*Counsel for Defendants*
*MetroHealth Hospital and*
*Walter Cha*

Respectfully submitted,

MICHAEL L. SNYDER (0040990)
DAN L. MAKEE (0029602)
ADAM C. SMITH (0087720)
McDonald Hopkins LLC
600 Superior Avenue, East - Suite 2100
Cleveland, Ohio  44114
Telephone:     (216) 348-5400
Facsimile:     (216) 348-5474
Email:  msnyder@mcdonaldhopkins.com
        dmakee@mcdonaldhopkins.com
        acsmith@mcdonaldhopkins.com

*Counsel for Defendant Atrium Medical Corporation*

{4383610:}

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ANDREA POULIS, | ) | NO. CV-13-806571 |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL J. RUSSO |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| METROHEALTH HOSPITAL  *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

The Court having reviewed the parties' stipulation and upon good cause shown, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Atrium Medical Corporation shall have thirty (30) days, or until July 31, 2013 to answer, move or otherwise respond to Plaintiff's Complaint.

**IT IS SO ORDERED.**

BY THE COURT

Date: _____        _____
                                JUDGE MICHAEL J. RUSSO

{4383627:}