## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HANSFORD MILLER, | ) | CASE NO.  1:13 CV 1465 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| METROHEALTH | ) | |
| MEDICAL CENTER, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

**and**

| | | |
|---|---|---|
| ANDREA POULIS, | ) | CASE NO.    1:13 CV 1466 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| METROHEALTH | ) | |
| MEDICAL CENTER, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motions for Entry of Lone Pine Order (Docket #31

in Case No. 1:13 CV 1465 and Docket #24 in Case No. 1:13 CV 1466) filed by Defendant,

Atrium Medical Corporation ("Atrium").  Atrium asks the Court to require Plaintiffs in both

cases to submit evidence indicating that they can make a prima facie showing that the Atrium medical device Plaintiffs allege was used to repair their hernias was defective and that it caused the alleged injuries.

Plaintiffs allege that a mesh medical device, a product of Atrium, was used to repair their hernias; that they suffered complications after hernia repair surgery; and, that a subsequent surgery was needed to address those complications.  Despite attempts at discovery, Atrium states that neither Plaintiffs, nor their Counsel, have been able to articulate a theory about what alleged defect existed in the Atrium mesh, nor have they articulated how any such defect caused the alleged injuries.

Atrium served interrogatories on September 13, 2012.  Plaintiffs responded several months later, on January 23, 2014.  In their responses response to the interrogatories, rather than giving any substantive information to explain the basis for their claim, Plaintiffs directed Atrium to review each Plaintiff's medical records and stated that Plaintiffs will be able to determine what their claim actually is once Atrium provides corporate representatives for deposition. Atrium argues this amounts a fishing expedition, to which Atrium would have to dedicate significant resources, and asks the Court to require Plaintiffs to provide an affidavit or signed report from a qualified expert(s) as to what, if anything, was defective about Atrium's product and the causal connection, if any, between Plaintiff's alleged injuries and such defective product manufactured by Atrium.  Plaintiffs argue that no meaningful discovery has taken place; that a Lone Pine order would be premature; and, that the medical records they have provided are sufficient to support their claims against Atrium at this stage of the proceedings.

A status conference was held on March 26, 2014, during which Counsel for Defendants

participated in person and by phone.  Plaintiffs' Counsel did not appear, although notified of the date and time, and later notified the Court the failure to appear was due to a scheduling error.

### Discussion

As set forth above, Atrium asks the Court to require Plaintiffs to submit evidence indicating that they can make a prima facie showing that the Atrium medical device Plaintiffs allege was used to repair their hernias was defective and that it caused the alleged injuries. This type of order has been called a "Lone Pine" order, after an order approved in *Lore v. Lone Pine Corp.*, Docket No. L 33606-85, 1986 N.J. Super. LEXIS 1626 (N.J. Sup. Ct. Nov. 18, 1986).   Lone Pine orders require plaintiffs to produce basic prima facie evidence of causation before discovery may begin.  In *Lone Pine*, the Court stated, "[P]rior to the institution of such a cause of action, attorneys for plaintiffs must be prepared to substantiate, to a reasonable degree, the allegations of personal injury, property damage and proximate case." *Id.* at *9.  Although Lone Pine orders are more often used in mass tort litigation, the Court finds it equally important to prevent needless expense and time consuming discovery in cases involving even a single plaintiff, where the plaintiff has not offered any substantive information as to the basis for his or her claim.

These cases were originally filed in the Cuyahoga County Court of Common Pleas on May 3, 2013, and removed to this Court on July 5, 2013.  Almost 11 months have passed since this case was originally filed and Plaintiffs have failed to articulate how their alleged injuries might have been the result of a defect in the Atrium mesh device.  To the contrary, in the case of Hansford Miller, Plaintiff submitted the Affidavit of Dr. Michael Wingate, identified as a board certified general and trauma surgeon, stating his opinion that the injuries were the result of the surgeon and the hospital breaching the standard of care.  (Docket #12 in Case No. 1:13 CV

1465.)  Atrium cannot be required to bear the burden of costly discovery without any articulation by Plaintiffs of the basic facts in support of their claims against Atrium.  While the scope of discovery permitted under the Federal Rules of Civil Procedure is broad, the Court must consider the need for judicial efficiency and economy, as well as the burden defendants will shoulder without sufficient articulation by a plaintiff as to the basis for his claims.  Under the facts and circumstances set forth above, a Lone Pine order, requiring Plaintiffs to provide an affidavit or signed report from a qualified expert as to what, if anything, was defective about Atrium's product and the causal connection, if anything, between Plaintiff's alleged injuries and the product manufactured by Atrium, is appropriate.

**Conclusion**

Based on the foregoing, the Motions for Entry of Lone Pine Order (Docket #31 in Case No. 1:13 CV 1465 and Docket #24 in Case No. 1:13 CV 1466) filed by Defendant, Atrium Medical Corporation are hereby GRANTED.

As set forth in the Minutes of Proceedings from the Status Conference held on March 26, 2014, and as outlined above, Plaintiffs must submit an appropriate affidavit or signed report from a qualified expert by May 26, 2014.


IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED:  March 28, 2014